EDWARD A. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 26342.   Promulgated July 29, 1930.

*Lawrence P. Mattingly, Esq.*, for the petitioner.
*D. A. Taylor, Esq.*, and *J. M. Morawski, Esq.*, for the respondent.

OPINION.

PHILLIPS: Respondent has determined deficiencies in income tax
against petitioner for the years 1922, 1923, and 1924, in the respective
amounts of $3,500.79, $2,611.38, and $2,893.40.   It is alleged that the
Commissioner erred in refusing to allow as deductions from gross
income certain expenses paid or incurred by petitioner in his busi-
ness and a loss sustained in 1922 in an unsuccessful venture.

Prior to April, 1921, petitioner was employed by the Gehring
Publishing Co. as manager and advertising solicitor for the *Metro-
politan Guide*.   This is a weekly publication serving as a guide to
the places of amusement and interest in New York City and has
exclusive distribution in the hotels of that city.   It is dependent
upon advertising for its revenues and upon the hotels for distribu-
tion to visitors to the city.   Petitioner's salary was $6,500 per year.

In April, 1921, petitioner purchased the *Guide*.   One La Penna
furnished petitioner with all or a part of the necessary money.   At
the time of purchase he advanced $15,000 and later $5,000 more,
which latter sum was immediately repaid.   The testimony is to the
effect that La Penna was to cooperate with petitioner and do some
soliciting, as he had social and business connections which were con-
sidered as valuable.   He was to receive $6,500 each year.   He per-
formed some services, but the arrangement was unsatisfactory.
During each of the years before us, petitioner accrued upon his books
and deducted upon his return $6,500 as salary for La Penna.   No
payments were made to La Penna during these years, but later he
was paid amounts aggregating some $9,600.   Whether these were
for services or in repayment of the amounts advanced is not clear.
In his testimony petitioner expressed an expectation that a settle-
ment would be made with La Penna at less than the amount La
Penna claimed.   The record is very unsatisfactory and wholly insuf-
ficient to permit any deduction to be taken as salary for services
rendered by La Penna or any amount to be fixed as reasonable com-
pensation for such services as he may have rendered.

In the prosecution of petitioner's business in publishing the *Metro-
politan Guide* it was necessary for him to incur expenses in the
solicitation of advertisements, in traveling, and in entertaining,

Petitioner accrued on his books as publicity and selling expenses for the year 1922 the sum of $850 per month, and for the years 1923 and 1924 the sum of $1,000 per month. Respondent refused to allow any deduction therefor. Petitioner expended for publicity and selling expenses the following amounts:

| | |
|---|---|
| 1922 | $10,200 |
| 1923 | 11,000 |
| 1924 | 11,750 |

Taxable income should be reduced accordingly.

In 1922 petitioner undertook the publication of a new periodical known as *The Bride*. After three issues it was found that this periodical was not a financial success and it was thereupon discontinued in the same year. In promoting this venture petitioner expended $3,278. The petitioner returned all income arising from this publication, but respondent has refused to allow the deduction of $3,278 as a loss. It appears to us that the amount so expended was a loss in 1922 and should be allowed as a deduction in computing net income.

*Decision will be entered under Rule 50.*